IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal Action No.: RDB-16-0553 |
| **DEMARIO LAMAR BROWN**, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Government has filed a three count criminal indictment against defendant Demario Lamar Brown ("defendant" or "Brown") alleging conspiracy to distribute heroin, 21 U.S.C. § 846, possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). (Indictment, ECF No. 1.) Trial in this case is scheduled to begin on Monday, April 17, 2017.

Now pending before this Court is defendant's Motion *in Limine* ("Defendant's Motion") to exclude as inadmissible hearsay several pieces of documentary evidence which the Government may seek to introduce at trial. (ECF No. 13.) The Government has filed a Response in Opposition to Defendant's Motion ("Government's Response"), and the Court heard argument on the Motion at the April 11, 2017 Pretrial Conference. (ECF No. 16.) For the reasons stated below, Defendant's Motion (ECF No. 13) is DENIED.

## STANDARD OF REVIEW

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*,

1

469 U.S. 38, 40, n. 2 (1984). "Such motions are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013)). The United States Court of Appeals for the Fourth Circuit reviews a district court's denial of a motion *in limine* for abuse of discretion. *United States v. Hernandez,* 212 F. App'x 229, 230 (4th Cir. 2007) (citing *United States v. White*, 405 F.3d 208, 212 (4th Cir. 2005)).

## ANALYSIS

Under Rule 801 of the Federal Rules of Evidence, a "statement" is "hearsay" when "the declarant does not make [the statement] while testifying at the current trial or hearing," and "a party offers [the statement] in evidence to prove the truth of the matter asserted" therein. Fed. R. Evid. 801(c). A "statement" under the Federal Rules is a "person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). Rule 802 provides that hearsay generally is not admissible, but provides enumerated exceptions, including those set forth in Rule 803 of the Federal Rules. Fed. R. Evid. 802.

Defendant seeks to exclude as hearsay several pieces of documentary evidence, including credit cards, state identification cards, insurance cards, receipts, envelopes, and bills. (ECF No. 13 at 2.) In support of his position, defendant merely asserts that these "documents and cards constitute inadmissible hearsay evidence" which "would be offered to prove the truth of the matter asserted therein; to wit: that Demario Brown lives or frequents 1037 Blackwell Road." (*Id.*)

The Government argues in opposition that "the identification cards, credit cards, debit cards, and mailings in the Defendant's name and aliases are not hearsay because they are not being offered in evidence to prove the truth of the information contained in the documents. Rather, they are being offered in evidence because *the location* where the documents were found is relevant to" the crimes alleged. (ECF No. 16 at 1) (emphasis in original).

In *Lorraine v. Markel American Insurance Company*, Judge Paul W. Grimm of this Court undertook a detailed and thoughtful (and, now, widely cited) analysis of the hearsay rule in the context of a dispute over the admissibility of electronically stored information ("ESI"). *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 563 (D. Md. 2007). While the instant motion does not involve the admissibility of ESI, Judge Grimm's careful parsing of the hearsay rule explains why Defendant's Motion is without merit and must be denied.

Focusing on the text of Rule 801, and citing several leading treatises and the notes of the advisory committee, Judge Grimm explained that:

> The use of the word 'statement' in Rule 801(a) is a critical component of the hearsay rule…. **The word is used in a very precise, and non-colloquial sense-it only applies to verbal conduct (spoken or written) or non-verbal conduct that is intended by a human declarant to be *assertive*.**
> …
> Although there is not universal agreement on this point, it appears that **for verbal or nonverbal conduct to fall within the definition of the hearsay rule as defined under the federal rules of evidence, it must be either an expressly assertive written or spoken utterance**, or nonverbal conduct expressly intended to be an assertion… The advisory committee's note to Rule 801(a) supports the notion non-verbal conduct that is not assertive, and verbal conduct (spoken or written) that is non-assertive should be viewed the same way-falling outside the definition of a 'statement:'

*Lorraine*, 241 F.R.D. at 563-64 (internal citations omitted) (emphasis in bold added). Of particular interest to the pending Motion is the opinion's example of 'nonassertive written verbal conduct: "An example of nonassertive written verbal conduct would be to write a person's name and address on an envelope." *Id.* at 563, n. 39. As Judge Grimm's comment suggests, the mere fact that defendant's name appears on several documents and cards recovered by police does not mean that such writings are *statements*, much less *assertive statements*. Thus, the documentary evidence at issue is not hearsay and will not be excluded on that basis.[1]

**CONCLUSION**

For the reasons stated above, defendant Demario Lamar Brown's Motion *in Limine* (ECF No. 13) is DENIED.

A separate Order follows.

Dated: April 12, 2017 _____/s/_____
Richard D. Bennett
United States District Judge

---

[1] Also pertinent to the instant analysis is the hearsay rule's requirement that a "statement" be made by a human "declarant". As Judge Grimm further explained in *Lorraine*:

> The second question that must be answered in the hearsay analysis is closely tied to the first. A writing or spoken utterance cannot be a 'statement' under the hearsay rule unless it is made by a 'declarant,' as required by Rule 801(b), which provides '[a] 'declarant' is a *person* who makes a statement." (emphasis added). When an electronically generated record is entirely the product of the functioning of a computerized system or process, such as the 'report' generated when a fax is sent showing the number to which the fax was sent and the time it was received, there is no 'person' involved in the creation of the record, and no 'assertion' being made. For that reason, the record is not a statement and cannot be hearsay.

*Lorraine*, 241 F.R.D. at 564. In this case, too, there is no 'person' involved in the creation of the electronically generated cards and letters and no assertion being made therein. For this reason, too, the materials at issue are not within the realm of hearsay.

4