# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. RDB-16-cr-00553 |
| DEMARIO LAMAR BROWN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Defendant Demario Brown was sentenced on July 13, 2017 to a period of 60 months' imprisonment after his conviction of conspiracy to distribute heroin. He has been designated by the United States Bureau of Prisons to serve the remainder of that sentence at the Volunteers of America ("VOA") Halfway House with a projected release date of January 3, 2021. He has now filed an Emergency Motion for Immediate Transfer to Home Confinement (ECF No. 86) in light of the Coronavirus, known as COVID-19, Pandemic Crisis. *See In re*: *Court Operations Under the Exigent Circumstances Created by COVID*-19, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020.) The Government has filed its opposition to this Motion. (ECF No. 87.) The matter has been briefed and no hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Preliminarily, the Court notes that recent Orders of this Court have related to immediate early releases involving the matter of just a few weeks with respect to other individuals confined at VOA. These releases were initially not opposed by the Government.

*See, e.g.*, *United States v. Valleria Rice*, RDB-17-0127, ECF NO. 506 (D. Md. Mar. 19, 2020); *United States v. Demario King*, DKC-16-0484, ECF No. 1472 (D. Md. Mar. 20, 2020); *United States v. Erica Cook*, JKB-16-0485, ECF No. 1727 (D. Md. Mar. 20, 2020); *United States v. Douglina Battle*, DKC-18-0350, ECF No. 89 (D. Md. Mar. 23, 2020). The Government has now reversed its position and is filing Motions for Reconsideration of those Orders issued earlier this week. In this case, the Defendant Brown requests an early release of over nine months. More importantly, this Court has no jurisdiction to grant the requested relief.

The Government has aptly noted that this Court may not modify the sentence imposed in this case unless certain limited circumstances arise or as permitted under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3582(c). *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). None of these factors arise in this case.

It is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c). That section specifically provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months." Accordingly, the Defendant's requested relief cannot be granted by the Bureau of Prisons until July 2, 2021.

Furthermore, with respect to the merits of Defendant's request, this Court notes that no evidence has been presented that anyone at VOA has tested positive for COVID-19. However, there is clearly an increasing danger in the face of this pandemic. Nevertheless, this Court and the Bureau of Prisons are limited by the statutory mandates now existing.

Accordingly, IT IS HEREBY ORDERED THIS 26TH DAY OF MARCH, 2020, that the Motion for Immediate Transfer to Home Confinement (ECF No. 86) is DENIED.

        \_\_/s/_____
        Richard D. Bennett
        United States District Judge